**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4196**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

TYUANE KANYATTE FOY,

          Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, Chief District Judge.  (1:14-cr-00233-TDS-1)

Submitted:  September 26, 2019          Decided:  September 30, 2019

Before NIEMEYER and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Brian Michael Aus, BRIAN AUS, ATTORNEY AT LAW, Durham, North Carolina, for Appellant.  Robert Albert Jamison Lang, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyuane Kanyatte Foy appeals from the district court's judgment revoking his supervised release and imposing a 24-month sentence. Foy's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but asking the court to review the revocation decision and the reasonableness of Foy's sentence. Although advised of his right to file a pro se supplemental brief, Foy has not done so. We affirm.

Foy admitted to violating the terms of his supervised release by testing positive on multiple occasions for the use of controlled substances, travelling outside the district without permission, and failing to participate in the substance abuse treatment program. He did not admit but did not contest the charge that he threatened to shoot into a vehicle. Revocation is mandatory when a person on supervised release tests positive for illegal controlled substances more than three times over the course of one year, as Foy has done. *See* 18 U.S.C. § 3583(g)(4) (2012). We find no abuse of discretion by the court in revoking Foy's supervised release.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). We "will affirm a revocation sentence if it is within the statutory maximum and is not 'plainly unreasonable.'" *Id.* (quoting *United States v. Crudup*, 461 F.3d 433, 438 (4th Cir. 2006)). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). A sentence is substantively reasonable if the district court states a

proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. *Crudup*, 461 F.3d at 440.

The district court properly determined that Foy's advisory policy statement range was 12 to 18 months. In varying upward, the court emphasized that Foy's violation conduct involved the same conduct underlying his original federal sentence, which was possession of a firearm by a person previously convicted of a felony offense. The court concluded that Foy's multiple supervised release violations and the nature of these violations warranted a 24-month sentence. Although the court referred to the seriousness of the violations—13 positive drug tests and the active use of a firearm—the court did not base its sentence "predominately on the seriousness of [Foy's] violation," but instead permissibly referred to the seriousness of the violation conduct in discussing "closely related" factors appropriate for consideration under 18 U.S.C. § 3583(e) (2012). *See Webb*, 738 F.3d at 642. We conclude that the district court did not abuse its broad discretion in determining that a sentence at the statutory maximum was warranted on these grounds.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Foy, in writing, of the right to petition the Supreme Court of the United States for further review. If Foy requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Foy. We dispense with oral argument because the facts and legal

3

contentions are adequately presented in the materials before this court and argument would

not aid the decisional process.

*AFFIRMED*